

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| ALEX CENICEROS, | § | No. 08-19-00189-CR |
| | | Appeal from the |
| APPELLANT, | § | |
| | | 171st District Court of |
| V. | § | |
| | | of El Paso County, Texas |
| THE STATE OF TEXAS, | § | |
| | | (TC# 20170D03795) |
| APPELLEE., | § | |

## **MEMORANDUM OPINION**

Alex Ceniceros is attempting to appeal his convictions of manslaughter (Count I), accident involving death (Count II), and tampering with physical evidence (Count III). Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after the sentence is imposed in open court or the trial court enters an appealable order. *See* TEX.R.APP.P. 26.2(a)(1). The judgments reflect that the trial court imposed sentence for Counts I, II, and III on June 11, 2019. Consequently, the notice of appeal was due to be filed no later than July 11, 2019. Although Appellant filed his notice of appeal on July 12, 2019, which is within fifteen days of the filing deadline, he did not file an extension motion. *See*

TEX.R.APP.P. 26.3 (a court of appeals may extend the time to file the notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files in the trial court the notice of appeal, and files in the appellate court a motion complying with Rule 10.5(b)).  On July 15, 2019, the Clerk of the Court sent notice that the notice of appeal had not been timely filed, but Appellant did not submit an extension motion or otherwise respond to the Court's inquiry.  In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).  Accordingly, we dismiss the appeal for lack of jurisdiction.

August 7,2019

                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)